# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIKAH GIVENS,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **EXPERIAN INFORMATION** | : | |
| **SOLUTIONS, INC.** | : | |
| *Defendant.* | : | **NO. 25-cv-1245** |

## MEMORANDUM

**KENNEY, J.**                                                                                                    **November 12, 2025**

This case was referred to arbitration and an arbitration trial was scheduled to be held at the U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106 on November 6, 2025 at 9:30 a.m. ECF No. 43. The Parties (*i.e., pro se* Plaintiff Malikah Givens and Defendant Experian Information Solutions, Inc.) were notified of the entry of this Court's Notice of Arbitration setting the date and time of the trial by the Court's electronic case filing system on August 15, 2025. *See id.* The Notice specified that "failure to advise the Court of a settlement may result in sanctions requiring the parties to compensate the arbitrators for their service." *Id.* The Parties failed to notify chambers or the arbitration clerk of their settlement in advance of the arbitration trial date. The Court's Arbitration Department notified the Parties via email the day before the arbitration trial date and received no response from either Party that the arbitration should be continued or canceled. The arbitrators selected to hear the arbitration trial were three attorneys who showed up at the Courthouse and were fully prepared to conduct the arbitration trial at the scheduled date and time. Both Parties including Defendant's counsel failed to appear on November 6, 2025 at 9:30 a.m. for the arbitration trial.

Defendant and *pro se* Plaintiff reached a settlement in this case on July 30, 2025 and executed the settlement agreement on August 1, 2025. ECF No. 48 at 1. Counsel for Defendant should have notified the Court at that time that the case was settled and directed the Court to close the case. Counsel for Defendant did not notify the Court of the Parties' settlement until the eleventh hour through an improper Motion to Dismiss. *Id.* A court receiving a motion to dismiss at this stage of litigation, simply by the nature of the title of the motion, will view it as an untimely filing and not as a notification that the case has settled. It will certainly not be reviewed to determine if the case has settled. In the Motion to Dismiss, counsel for Defendant attempts to lay blame upon the *pro se* Plaintiff for the Parties' failure to notify the Court of their settlement. *Id.* at 1 ("Despite multiple requests, Plaintiff has ignored her obligation to file a stipulation of dismissal with prejudice."). However, given that Plaintiff is a pro se litigant, the onus was on the Defendant's counsel to notify the Court of the Parties' settlement rather than relying on the *pro se* Plaintiff to file a stipulation of dismissal with the Court. As a result of counsel's failure to properly notify the Court and the arbitration clerk of the Parties' settlement prior to the scheduled arbitration trial, the selected arbitrators showed up for the arbitration trial unnecessarily.

In addition to violating Local Civil Rule 83.6.1(a), which provides that "[a]ttorneys shall promptly advise the court of the settlement or other final disposition of a case" and which is followed by Local Civil Rule 83.6.1(c) which states that "[a]ny attorney who fails to comply with [that rule] may be disciplined as the court shall deem just," counsel for Defendant also violated Local Civil Rule 53.2, subsection 5.B, which provides that "[c]ounsel for the parties shall promptly report settlement of the case to the arbitration clerk and all members of the arbitration panel assigned to the case." The Court notes that the complete Local Civil Rules of this Court are

available to the public, as well as all attorneys admitted to practice in this Court, on the Court website.

An appropriate order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**